**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SHANGHAI TENCENT PENGUIN FILM CULTURE MEDIA CO., LTD.; SHENZHEN TENCENT COMPUTER SYSTEM CO., LTD; and TENCENT TECHNOLOGY (BEIJING) CO., LTD, | |
| Plaintiffs, | CIVIL ACTION NO. 6:23-CV-300 |
| v. | |
| THE INDIVIDUALS AND BUSINESS ENTITIES IDENTIFIED ON SCHEDULE "A;" and DOES 1 through 100, inclusive, | JURY TRIAL DEMAND |
| Defendants. | |

**COMPLAINT**

Plaintiffs Shanghai Tencent Penguin Film Culture Media Co., Ltd. ("Tencent Penguin"), Shenzhen Tencent Computer System Co., Ltd. ("Tencent Computer"), and Tencent Technology (Beijing) Co., Ltd. ("Tencent Technology") (collectively "Plaintiffs" or "Tencent"), by and through their attorneys, allege as follows:

## I.    INTRODUCTION

1.      Plaintiffs are Chinese corporations within the Tencent Group, which is a world-leading internet and technology company that, among other things, is involved in the production of television shows in China and around the world.  Plaintiffs own the copyrights in and to these television shows (the "Tencent Shows"), which include, for example "Three Body," a critically-acclaimed 30-episode adaptation of a celebrated science-fiction novel.

2.      Defendant ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ and the resellers it employs ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

3.      Defendants are serial infringers, ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████.

4.      Tencent brings this action to stop Defendants' unlawful activity and to cease the rampant infringement of Tencent's valuable intellectual property right.

## II.    PARTIES

5.      Plaintiff Tencent Penguin is a Chinese corporation with its principal place of business at No. 1081 Hongmei Rd, District C, Ste 202, Xuhui District, Shanghai, China. Tencent Penguin is a company within the Tencent Group. The Tencent Group is a world-leading internet and technology company that develops innovative products and services to improve the quality of life of people around the world. Tencent Penguin produces and assists in the production of television shows and movies in China and throughout the world.

6.    Plaintiff Tencent Computer is a Chinese corporation with its principal place of business at Floor 35, Tencent Building, Science and Technology Middle Road, Maling Community, Yuehai Street, Nanshan District, Shenzhen, China.  Tencent Computer, a company within the Tencent Group, produces, reproduces and distributs television shows and cartoons in China and throughout the world.

7.    Plaintiff Tencent Technology is a Chinese corporation with its principal place of business at Floor 16, Yinke Building, No. 38, Haidian Street, Haidian District, Beijing, China. Tencent Beijing, a company winthin the Tencent Group, produces and assists in the production of television shows and movies in China and throughout the world.

8.    On information and belief, Defendant ███████████████████████ with its principal places of business ████████████████████████ Taiwan. ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ On information and belief, ██████████████████████ around the world to promote and distribute infringing ██████████████████, including in the United States and in this Judicial District.  On information and belief, ███████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████ is referrered to herein as Defendant A and/or collectively with the other defendants as "Defendants."

9.     On information and belief, Defendant ████████████████████ ██████████ is a For-Profit Corporation with its business address at ██████████████████ Cypress, TX 77429.  On information and belief, ████████████████████████████ ███████████████████████████████████████.  On information and belief, ████████████████████████████████████████████████ on at least ███████████████████████████████████████████ across the United States, including in this Judicial District.  ██████ is referrered to herein as Defendant B and/or collectively with the other defendants as "Defendants."

10.     On information and belief, Defendant ████████████ individual, is an owner, operator, officer, shareholder, and/or otherwise controls Defendant B.  Upon information and belief, ██████████████████ transacts substantial business in this district.  Upon information and belief, ██████████████████ participated in and/or knew of the infringing conduct of Defendant B  and derived direct financial benefit from that wrongful conduct, and/or is an alter ego of Defendant B.  ████████████ is referrered to herein as Defendant C and/or collectively with the other defendants as "Defendants."

11.     On information and belief, Defendant ████████████████████ is a For-Profit Corporation with its business address at ██████████████, Hacienda Heights, CA 91745.  On information and belief, ██████████████████████████████████████████ ████████████████████████████ On information and belief, Defendant ██████ █████████████████████████████████████████████████████████ ████████████████████████ the United States, including in this Judicial District.  ██████ is referrered to herein as Defendant D and/or collectively with the other defendants as "Defendants."

12.     On information and belief, Defendant ███████████ an individual, is an owner, operator, officer, shareholder, and/or otherwise controls Defendant D.  Upon information and belief, ████████ transacts substantial business in this district.  Upon information and belief, ██████████████ participated in and/or knew of the infringing conduct of Defendant D and derived direct financial benefit from that wrongful conduct, and/or is an alter ego of Defendant D. ███████ is refererred to herein as Defendant E and/or collectively with the other defendants as "Defendants."

13.     On information and belief, Defendant █████████████████████████ ████████████████  On information and belief, ███████████████████████████ ████████████████████████████████ across the United States, including in this Judicial District. ████████████ is refererred to herein as Defendant F and/or collectively with the other defendants as "Defendants."

14.     On information and belief, Defendant ████████████████████████ a corporation operating under a company name████████████████████████████ ███████████████████████████████ Fujian Province, China.  On information and belief, ███████████████████████████ across the United States, including in this Judicial District. █████████ is refererred to herein as Defendant G and/or collectively with the other defendants as "Defendants."

15.     On information and belief, Defendant ████████████████████████ is a California corporation operating a storefront named ██████████████████████ ████████████ a business address at ████████████████ Walnut, California 91786.  On information and belief,████████████████████████████████

████████████████████████ is referrerred to herein as Defendant H and/or collectively with the other defendants as "Defendants."

16.    On information and belief, Defendant ████████████ individual, is an owner, operator, officer, shareholder, and/or otherwise controls Defendant H.  Upon information and belief, ████████ transacts substantial business in this district.  Upon information and belief, ████ ████ personally participated in and/or knew of the infringing conduct of Defendant H and derived direct financial benefit from that wrongful conduct, and/or is an alter ego of ████████████ ████ is referrerred to herein as Defendant I and/or collectively with the other defendants as "Defendants."

17.    On information and belief, ████████████████████████████████ ████████████████ is a Hong Kong Corporation with a business address at ████████ ██████████████████████████████ Hong Kong SAR, China.  On information and belief, ████████████████████████████, and further solicits ████████████████████████████, including in the United States and in this Judicial District.  On information and belief, ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████ On information and belief, ████████████████████ ████████████████████████████████████████████████ ████████████████████████████ Hope Overseas is referrerred to herein as Defendant J and/or collectively with the other defendants as "Defendants."

18.    On information and belief, Defendant ████████████████████████ is a New York Corporation with a business address at ████████████████ Flushing, NY 11355.

On information and belief, ███████████████████████████ throughout the United States, including in this Judicial District. On information and belief, ██████████ ████████████████████████████████████████████ ███████████████████████ In its YouTube video, ███████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████ is refererred to herein as Defendant K and/or collectively with the other defendants as "Defendants."

19.    On information and belief, Defendant ██████████ an individual, is an owner, operator, officer, shareholder, and/or otherwise controls Defendant K. Upon information and belief, ██████████ transacts substantial business in this district. Upon information and belief, ██████████ personally participated in and/or knew of the infringing conduct of Defendant K and derived direct financial benefit from that wrongful conduct, and/or is an alter ego of ██████████ ██████████ is refererred to herein as Defendant L and/or collectively with the other defendants as "Defendants."

20.    On information and belief, Defendant ██████████ individual, is an owner, operator, officer, shareholder, and/or otherwise controls Defendant K. Upon information and belief, ██████████ transacts substantial business in this district. Upon information and belief, ██████████ personally participated in and/or knew of the infringing conduct of Defendant K and derived direct financial benefit from that wrongful conduct, and/or is an alter ego of Defendant K. ██████████ is refererred to herein as Defendant M and/or collectively with the other defendants as "Defendants."

21.    On information and belief, Defendant ████████████████████ ████████████████ is a Hong Kong corporation with a business address at ████████████████████████, Hong Kong, SAR, China.  On information and belief, ████████████████████ throughout the United States, including this Judicial District.  ████████████████████████████ ████████████████ is refererred to herein as Defendant N and/or collectively with the other defendants as "Defendants."

22.    On information and belief, Defendant █████ is a Hong Kong corporation with a business address at ████████████████████████ ████████████████████ throughout the United States, including this Judicial District.  ████████████████████ ████████████ is refererred to herein as Defendant O and/or collectively with the other defendants as "Defendants.".

23.    On information and belief, Defendants DOES 1 to 100 are various persons and entities, whose names are presently unknown to Plaintiffs, who are liable for the wrongful acts set forth herein.  On information and belief, these persons and/or entities are located in the United States and outside the United States.  On information and belief, these persons and/or entities are engaged in the unlawful and unauthorized copying, importation, distribution, promotion, and other exploitation of Plaintiffs' copyrighted audiovisual programs ████████████████████.

24.    Plaintiff will seek leave of the Court to amend the Complaint to add the true names and capacities of such persons and/or entities and to allege the exact nature of their wrongful conduct when such information has been ascertained.

25.    On information and belief, each of the Defendants acted knowingly, willingly, and intentionally, both individually and in concert with other Defendants, and certain Defendants are the agent, representative, or alter ego of other Defendants.

### III.    JURISDICTION

26.    This Court has jurisdiction over the subject matter of this dispute.  Plaintiffs' claims arise under the Copyright Act, 17 U.S.C. § 101, *et seq.*  This Court has subject matter jurisdiction over these claims under 17 U.S.C. § 501, *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

27.    This Court has specific and general personal jurisdiction over Defendants pursuant to due process and/or the Texas Long Arm Statute.

28.    Defendant B is headquartered and incorporated in Texas and is therefore subject to this Court's personal jurisdiction.  Defendant C, who ███████████████████████ ███████████ in Texas and is therefore subject to this Court's personal jurisdiction.

29.    Defendant A manufactures ████████████████████████ whose copyrights belong to third parties such as Tencent, ████████████████████████ ████████████████████ who sell, offer to sell, import, and distribute ████████████ ████████████ into the United States, including into this Judicial District.  Defendant A purposefully availed itself of the rights and benefits of Texas by conducting substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30.    Defendants D, E, F, G.H, I, J and N import, promote, offer to sell, sell, and distribute infringing ████████████████████ and/or individual websites.   These Defendants

purposefully availed themselves of the rights and benefits of Texas by conducting substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.     Defendant K advertises and offers for sale ████████████ through YouTube.com, and further lists the store's phone number and WeChat in the video title, so that consumers in Texas can contact the store to ████████████ Defendant O advertises and offers for sale infringing ████████████████████████ so that consumers in Texas can ████████████████████

32.     All Defendants provide customer service for and market, promote, sell, offer to sell, reproduce, and distribute ████████████ of Texas and other jurisdictions via websites and telephones. Defendants purposefully ship infringing products through an established distribution channel with the expectation that those products would be sold in Texas, including in this Judicial District. ████████████████████ that were purchased from certain Defendants ████████████████

33.     Venue is proper because a substantial portion of the events giving rise to the claim occurred in this District and Defendants are subject to personal jurisdiction in this District. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

## IV.     <u>FACTS</u>

### A.     <u>Tencent's Business and Services</u>

34.     Founded in 1998, Tencent Group is a world-leading internet and technology company that develops innovative products and services to improve the quality of life of people around the world.  Its guiding principle is to use technology for good.

35.     Tencent Group's businesses include the social communication platform Weixin/WeChat, (which has over one billion users worldwide), videogames (including a 40% stake in the highly popular Fortnite videogame), advertising, FinTech, and cloud computing. Tencent Group also has a robust entertainment division.  Tencent Film, is a division of Tencent Group which produces or helps to produce hit movies, television shows, and music.  Tencent Film is one of the largest digital copyright content owners in China.  Tencent Film has been involved in international blockbusters such as *Wonder Woman*, *Terminator: Dark Fate*, and *Top Gun: Maverick*.  The three Plaintiffs have digital copyright-related business attributable to the Tencent Film division, and are copyright owners of the asserted Tencent Shows in this action.

36.     Plaintiffs also produce significant television and streaming content, much of it in Mandarin Chinese.  This content has been wildly popular among audiences that speak Chinese, in China and around the world, including the United States.  According to QuestMobile, Tencent Video's mobile daily active users were more than 20% higher than that of its closest peer in June 2022.  One of Tencent's self-commissioned drama series and one of the asserted TV shows in this case, A Dream of Splendor, was ranked first by video views industry-wide in June 2022.

37.     Tencent values the U.S. market and has made significant investments in the U.S. For example, Tencent Group's investment arm took the leading role in investing in Reddit in 2019, along with other U.S. investors.  Tencent Group's investment arm has also invested in Snapchat's

corporate parent Snap, Epic Games, and Razor.  It is also a business partner of Spotify after a stock swap with the music service in late 2017.

     **B.**    **Tencent's Exclusive Copyrighted Programs**

    38.    At all times material hereto, Plaintiffs have had the sole and exclusive right in the United States to import, reproduce, distribute, publicly perform, broadcast, and enforce rights of certain television shows they created (collectively, the "Tencent Shows").

    39.    The Tencent Shows are original audiovisual works fixed in a tangible medium of expression and are therefore copyrightable subject matter.

    40.    The original authors and copyright owners of the Tencent Shows are entities organized under the laws of China and are entitled to protection under the Copyright Act through the Berne Convention, the Universal Copyright Convention, and other applicable laws and treatises.

    41.    Several of the Tencent Shows are registered with the United States Copyright Office, including the following ("Registered Tencent Shows"):

| Show Name | Chinese Name | Owner | # of Episodes | Registration Status |
| --- | --- | --- | --- | --- |
| My Deepest Dream | "Wu Yun Yu Jiao Yue" "乌云遇皎月" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 30 | Registered (*see* Ex. 1) |
| Cute Bodyguard | "Na Xiao Zi Bu Ke Ai" "那小子不可爱" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 24 | Registered (*see* Ex. 2) |
| Winter Night | "Zai Ni De Dong Ye Li Shan Yao" "在你的冬夜里闪耀" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 24 | Registered (*see* Ex. 3) |

| Show Name | Chinese Name | Owner | # of Episodes | Registration Status |
|-----------|--------------|-------|---------------|---------------------|
| She and Her Perfect Husband | "Ai De Er Ba Ding Lv" "爱的二八定律" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 40 | Registered (*see* Ex. 4) |
| Women Walk the Line | "Wo Men De Dang Da Zhi Nian" "我们的当打之年" | Tencent Technology (Beijing) Co., Ltd | 36 | Registered (*see* Ex. 5) |
| An Exciting Offer S4 | "Ling Ren Xin Dong De Offer Di Si Ji" "令人心动的 offer 第四季" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 10 | Registered (*see* Ex. 6) |
| Accidentally Meow on You | "Yi Bu Xiao Xin Miao Shang Ni" "一不小心喵上你" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 24 | Registered (*see* Ex. 7) |
| Time and Him are Just Right | "Shi Guang Yu Ta Qia Shi Zheng Hao" "时光与他，恰是正好" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 25 | Registered (*see* Ex. 8) |
| Three Body | "San Ti" "三体" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 30 | Registered (*see* Ex. 9) |

42.    Tencent owns U.S. copyright registrations for each episode of the Registered Tencent Shows, a total of 243 episodes.  Copies of the registration certificates are attached hereto as exhibits as described in the table above.

43.    The remaining Tencent Shows that are not registered with the United States Copyright Office ("Unregistered Tencent Shows") include:

| Show Name | Chinese Name | Owner | # of Episodes | Registration Status |
|-----------|--------------|-------|---------------|---------------------|
| A Females Student Arrives | "Guo Zi Jian Lai Le Ge Nv | Shanghai Tencent | 30 | Unregistered |

| Show Name | Chinese Name | Owner | # of Episodes | Registration Status |
|---|---|---|---|---|
| in the Imperial College | Di Zi" "国子监来了个女弟子" | Penguin Film Culture Media Co., Ltd | | |
| A Girl Like Me | "Wo Jiu Shi Zhe Ban Nv Zi" "我就是这般女子" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 40 | Unregistered |
| Cute Programmer | "Cheng Xu Yuan Na Mo Ke Ai" "程序员那么可爱" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 30 | Unregistered |
| Lie to Love | "Liang Yan Xie Yi" "良言写意" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 32 | Unregistered |
| Novoland: Pearl Eclipse | "Hu Zhu Fu Ren" "斛珠夫人" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 48 | Unregistered |
| Once We Get Married | "Zhi Shi Jie Hun De Guan Xi" "只是结婚的关系" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 24 | Unregistered |
| Soul Land | "Dou Luo Da Lu" "斗罗大陆" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 40 | Unregistered |
| The Autumn Ballad | "Yan Yu Fu" "嫣语赋" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 34 | Unregistered |
| The Oath of Love | "Yu Sheng Qing Duo Zhi Jiao" "余生请多指教" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 32 | Unregistered |
| The Untamed | "Chen Qing Ling" "陈情令" | Shanghai Tencent | 50 | Unregistered |

| Show Name | Chinese Name | Owner | # of Episodes | Registration Status |
|---|---|---|---|---|
| | | Penguin Film Culture Media Co., Ltd | | |
| When You Be Me | "Fan Zhuan Ren Sheng" "反转人生" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 26 | Unregistered |
| Who Rules the World | "Qie Shi Tian Xia" "且试天下" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 40 | Unregistered |
| You Are My Glory | "Ni Shi Wo De Rong Yao" "你是我的荣耀" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 32 | Unregistered |
| A Dream of Splendor | "Meng Hua Lu" "梦华录" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 40 | Unregistered |
| Heroes | "Shuo Ying Xiong Shui Shi Ying Xiong" "说英雄谁是英雄" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 38 | Unregistered |
| Perfect World | "Wan Mei Shi Jie" "完美世界" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 130 | Unregistered |
| Hello, My Shining Love | "Yu Jian Cui Can De Ni" "遇见璀璨的你" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 43 | Unregistered |
| A Will Eternal | "Yi Nian Yong Heng" "一念永恒" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 108 | Unregistered |
| Stick to the Script | "Shi Xiong Qing An Ju Ben | Shanghai Tencent | 40 | Unregistered |

| Show Name | Chinese Name | Owner | # of Episodes | Registration Status |
|---|---|---|---|---|
| | Lai" "师兄请按剧本来" | Penguin Film Culture Media Co., Ltd | | |
| My Poison Lover | "Shuang Luo You Shi Jun" "霜落又识君" | Shenzhen Tencent Computer System Co., Ltd | 25 | Unregistered |
| I am the Years you are the Stars | "Wo Shi Sui Yue Ni Shi Xing Chen" "我是岁月你是星辰" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 24 | Unregistered |
| Just Fiancée | "Zhi Shi Wei Hun Qi De Guan Xi" "只是未婚妻的关系" | Shenzhen Tencent Computer System Co., Ltd | 22 | Unregistered |
| If I Never Loved You | "Ru Guo Cong Mei Ai Guo Ni" "如果从没爱过你" | Shenzhen Tencent Computer System Co., Ltd | 24 | Unregistered |
| Chong Zi | "Chong Zi" "重紫" | Tencent Technology (Beijing) Co., Ltd | 40 | Unregistered |
| Sword Snow Stride | "Xue Zhong Han Dao Xing" "雪中悍刀行" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 38 | Unregistered |
| Ancient Love Poetry | "Qian Gu Jue Chen" "千古玦尘" | Shanghai Tencent Penguin Film Culture Media Co., Ltd | 49 | Unregistered |

44.   The Unregistered Tencent Shows are foreign works authored and first released in China.  Pursuant to Section 411(a) of the Copyright Act, Plaintiffs are not required to register the foreign works with the U.S. Copyright Office before filing a lawsuit for copyright infringement.

45.     The Tencent Shows are widely available on Chinese and United States television and streaming platforms, including Chinese television channels and streaming via third-party platforms such as Amazon Prime Video, Netflix, and Rakuten Viki.  Tencent also offers its own streaming platform, WeTV, for a subscription fee of $64.99 per year, through which customers can access all of the Tencent Shows.  As a result of this wide distribution through authorized channels, the Tencent Shows have attracted billions of playbacks and repeated views just on Tencent's own video platform WeTV.

46.     The Tencent Shows are valuable intellectual property of Plaintiffs.  Plaintiffs spent billions of dollars filming, producing, and/or acquiring these copyrighted works, and owns exclusive copyrights of these works globally.

47.     The Registered Tencent Shows are all popular new releases since October 2022.  It is intuitive that new shows and programs attract the most attention and views.  For example, the show Three Body is one of the most popular TV shows in China in 2023, and it has received rave reviews from both Chinese and overseas audiences since its debut in January 2023.[1]

48.     Many of the Unregistered Tencent Shows were blockbusters and classic shows that attracted millions of playbacks and repeated views.  For example, A Dream of Splendor, a Tencent Film self-commissioned drama series, ranked first by video views industry-wide in June 2022.  As another example, as of December 28, 2021, the 2019 drama series, The Untamed, hit a record ten billion streaming views.[2]

---

[1] *See* https://www.nytimes.com/2023/02/03/arts/television/three-body-review.html; https://www.scmp.com/tech/article/3208080/tencents-three-body-gets-thumbs-chinese-viewers-who-wonder-if-netflix-version-sci-fi-classic-will-be. (last accessed April 20, 2023).

[2] https://qplusmagazine.com/the-untamed-hits-10-billion-views/ (last accessed April 20, 2023).

C.    **Defendants' Copyright Infringement Activities**

49.    On information and belief, Defendant A was ███████████ On information and belief, Defendant A began to manufacture and distribute ████████████████ ██████████████████ which generally sells ███████████████ ███████.

Figure 1: ██████████████ on Defendant A' s Website.[3]



50.    Defendant A advertises that ████████████████████ ████████████████████.

Figure 2: ██████████████ and Content Advertisements.[4]



---

[3] *See* ████████████████████████

[4] *See* ████████████████████████



51.     Defendants imported and/or sold into the United ████████████████████ ████████████ without permission or approval from Plaintiffs.

52.     The volume of infringement is massive and egregious.  Defendants ████████ ████████████████████████████████████████████████████████████ works  are registered.

53.     On information and belief, Defendant A encourages and solicits sellers to become ████████████████████████ On information and belief, to become a ████████ ████████████████, one will apply online by filling out a form, signing a distributor contract and making bulk orders ████████████████████████████████████████ ████. Defendant A will then ████████████████████████████████████████ ████████████████████

**Figure 3: Defendant A's** 



54.      Defendant A's website allows individuals to check whether a seller of ███████ ████████████████████████ obtain a ██████████████████ Defendant A.

55.      For example, Defendant B sells ████████ including through ████████ ██████████████████ to customers at least in Texas.  Defendant B holds itself out as a ██████████████████████████

**Figure 4: Image of** ████████████████████████



56.     Defendant D sells ███████████ including through the website

███████████████████████, to customers at least in Texas.  Defendant D ████████████

████████████████████████

**Figure 5: Image of Certificate of** ████████████████

57.    Defendants F, J and N, also sell ████████████████ at least in Texas. Defendants F, J and N also hold themselves out as Defendant A ████████████████ ███████████████████████████.

58.    Defendants G and K sell ████████████████████████ to customers at least in Texas.

59.    Defendant O represents itself to be a ████████████████ ██████████, including to customers in Texas.

60.    On information and belief, DOES 1 through 100 █████████████ the United States, often as ████████████████████ and often through third party websites.

**Figure 6:** ████████████████████



61.    Defendant A offers a one-year warranty for ████████████████ ██████████████. On information and belief, all Defendants and various DOES 1 through 100 have customer support functions via online forms or phone numbers.

**Figure 7:** ███████████████ **Support**

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

62.    On information and belief, ███████████████████████████

███████████████████████████████████████████████████

██████████████████████

63.    On information and belief, Defendant A purposefully circumvents law enforcement

by ostensibly ██████████████████████████████████████████

███████████████    In some cases, ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████

64.    ██████████████████████████████████████████████

██████████████████

65.    On information and belief, ███████████████████████████

███████████████████████████████████████████████████

███████████████████    On information and belief, ████████████████

███████████████████████████████████████████████████

██████████████████████

66.    On information and belief, 

**Figure 8:** ███████████████ **Page**



67.     On information and belief, ██████████████████████████████

██████     Defendant A, the Defendants, and/or their agents to ██████████████

████████████████████████████████████████████████████████████████

██████████████

68.     After ████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████

**Figure 9:** ████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

69.     Defendant K had ████████████████████████████████████

████████████████████████████████████████

70.     ████████████████████████████████████████████████████

██████████████████████████

**Figure 10: Tencent Show** ███████████████████████



71.     On information and belief, Defendant A and ████████████████████████
████████████████████

72.     On information and belief, Defendant A and ████████████████████████
███████████████████████████████████████████████████
████████████████████████████ Defendants, Defendant A periodically █████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████ For example, as shown in the figure below, █████████████
███████████████████████████████████████████████████
████████████████████████████████

**Figure 11:** ███████████████████████ **Defendant J**



73.    On information and belief, ████████████████████
████████████████████████████████████
██████████████████████████ Defendant K represented

that it ████████████████████████████

74.    On information and belief, ██████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

**Figure 12: Screenshot from** ████████████████



75.    Defendants are aware that ████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

76.    On information and belief, ██████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████



77.  By ████████████████████████████████████████████████████

████████████  Defendants intentionally create the false impression to ████████████

███████████████████████████████

78.  On information and belief, without any license or authorization, Defendants have:

a.  Used websites, telephone, and interstate commerce to advertise, offer to sell, sell, distribute, and provide technical support for ████████████ ████████████ Texas and in this Judicial District;

b.  Obtained financial gain through the unlawful exploitation of the Tencent ████████████████████████ ████████████ ;

c.  Falsely represented to its current and potential users and the consuming public that Defendants have ████████████████ ████ .

79.     On information and belief, Defendants willfully infringed the copyrighted programs proprietary to Plaintiffs.  On information and belief, Defendants were ████████ ████████████████████████████ ████████████████████████████ ████████████████ 

80.     Defendants' substantial and ████████████████ ████████████████████████████ ████████████████████████ 

**D.**     ████████████████████████

81.     On information and belief, ████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████ [7]

82.    ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████

83.    ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[7] ████████████████████████████████████████████

**FIRST CLAIM FOR RELIEF**

**Direct Copyright Infringement (Against Defendant Defendant A)**

**(17 U.S.C. §§ 101 *et seq.*, 501 *et seq.*)**

84.     Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

85.     Plaintiffs are the legal owners of the copyrights in the Tencent Shows.

86.     Each episode in the Tencent Shows is an original audiovisual work fixed in a tangible medium of expression and qualifies as copyrightable subject matter under Section 102 of the Copyright Act. Each episode in the Tencent Shows has its own copyright, is distinct, separate, and apart from the series, and has a separate economic value. Each episode can be shown at different times and in different orders. Each episode is a separate "work" for the purposes of calculating statutory damages, where applicable.

87.     The Registered Tencent Shows are registered with the United States Copyright Office.

88.     The Unregistered Tencent Shows are not registered with the United States Copyright Office, and are not "United States works" as defined in the Copyright Act and are not subject to the pre-suit registration requirement. The Unregistered Tencent Shows are published works that were first published in China and were not simultaneously published in the United States. The authors of the Unregistered Tencent Shows are entities organized under the laws of

China and are not nationals, domiciliaries, or habitual residents of the United States, nor do the entities have headquarters in the United States.

89.    Plaintiffs have the exclusive rights, pursuant to Section 106 of the Copyright Act, to reproduce, distribute and publicly perform the Tencent Shows.

90.    Plaintiffs also have the exclusive right, pursuant to Section 602 of the Copyright Act, to import and export the Tencent Shows.

91.    Neither Plaintiffs nor any other person authorized by Plaintiffs has granted any license, consent, permission, or authorization to Defendant A to exercise these exclusive rights.

92.    Defendant A, by itself and/or through their agents, infringed Plaintiffs' exclusive rights under 17 U.S.C. §§ 106 and 602 by importing, exporting, reproducing, distributing, and publicly performing the Tencent Shows.

93.    In addition to the unauthorized copies of the Tencent Shows, Plaintiffs are informed and believe that Defendant A ███████████████████████████ Plaintiffs will seek to leave to amend the Complaint when these additional ███████████████

94.    Defendant A's infringing activities are willful and the result of reckless disregard for or willful blindness to Plaintiffs' copyrights.

95.    As a direct and proximate cause of Defendant A's copyright infringement, Plaintiffs are entitled to recover damages and  Defendant A's profits in amounts to be proven at trial.

96.    In the alternative, for at least each of the Registered Tencent Shows, at its election, Plaintiffs are entitled to statutory damages of up to $150,000 per episode (or whatever amount the relevant statutes authorize), by virtue of  Defendant A's willful infringement, or for such other amounts that may be proper under 17 U.S.C. § 504.

97.     Defendant A's continuing infringing activities caused and will cause substantial, immediate, and irreparable injury to Plaintiffs.  Unless enjoined and restrained by this Court, Defendant A will continue to infringe Plaintiffs' copyrights.  Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

98.     Plaintiffs are entitled to their costs and reasonable attorney's fees as an exceptional case and pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

**Inducing and Materially Contributing to Copyright Infringement (Against All Defendants)**

**(17 U.S.C. §§ 101 *et seq.*, 501 *et seq.*)**

99.     Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

100.     Plaintiffs are the copyright owners of the Tencent Shows because they hold or held during the relevant time period the exclusive rights to distribute and publicly perform in the United States, the Tencent Shows.

101.     Each episode in the Tencent Shows is an original audiovisual work fixed in a tangible medium of expression and qualifies as copyrightable subject matter under Section 102 of the Copyright Act.  Each episode in the Tencent Shows has its own copyright, is distinct, separate, and apart from the series, and has a separate economic value.  Each episode can be shown at different times and in different orders.  Each episode is a separate "work" for the purposes of calculating statutory damages, where applicable.

102.     The Registered Tencent Shows are registered with the United States Copyright Office.

103.    The Unregistered Tencent Shows are not registered with the United States Copyright Office, but are not "United States works" as defined in the Copyright Act and are not subject to the pre-suit registration requirement.  The Unregistered Tencent Shows are published works that were first published in China and were not simultaneously published in the United States.  The authors of the Unregistered Tencent Shows are entities organized under the laws of China and are not nationals, domiciliaries, or habitual residents of the United States, nor do the entities have headquarters in the United States.

104.    Plaintiffs' exclusive rights to distribute and publicly perform the Tencent Shows are directly infringed by ███████████████████████████████████████ ██████████████████████████████████████████.

105.    Defendants materially caused, contributed to, induced and/or encouraged this infringement of Plaintiffs' exclusive distribution and public performance rights ██████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████ Defendants also induced the infringement of Plaintiffs' exclusive distribution and public performance rights by, among other things, creating or expanding the audience for that infringement in the United States.

106.    On information and belief, Defendants ██████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

███████████████████████ On information and belief, Defendants also offer ████

███████████████████████████████████████████

107.   Defendants advertised ████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████

108.   Defendants are aware that they do not have any license or authorization to import, distribute, publicly perform, or otherwise exploit the Tencent Shows.

109.   Defendants had actual knowledge that the transmission of the Tencent Shows ██████████████████████████████████████

110.   Defendants could have taken simple measures to prevent infringement of Plaintiffs' copyrights, ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████

111.   The infringement of Plaintiffs' rights in each television program constitutes a separate and distinct act of copyright infringement.

112.   Defendant A is jointly and severally liable for each act of infringement of Tencent Shows because it ████████████████████████████████████████ ████████████████████████ as alleged herein.

113.    Defendants' actions are willful, malicious, intentional, and purposeful, and the result of reckless disregard for or willful blindness to Plaintiffs' copyrights.

114.    As a direct and proximate cause of Defendants' contributory and inducement of copyright infringement, Plaintiffs are entitled to recover damages and Defendants' profits in amounts to be proven at trial.

115.    In the alternative, for at least each of the Registered Tencent Shows, Plaintiffs are entitled to statutory damages of up to $150,000 per episode, by virtue of Defendants' willful infringement, or for such other amounts that may be proper under 17 U.S.C. § 504.

116.    Defendants' continuing infringing activities caused and will cause substantial, immediate, and irreparable injury to Plaintiffs.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' copyrights.  Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

117.    Plaintiffs are entitled to their costs and reasonable attorney's fees as an exceptional case and pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF

**Vicarious Copyright Infringement (Against Defendant A)**

**(17 U.S.C. §§ 101 *et seq.*, 501 *et seq.*)**

118.    Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

119.    On information and belief, Defendant A ███████████████████████████ ████████████████████████████████████████████████████████  On information and belief, Defendant A has the power, authority, and obligation to ██████████ ████████████████████

120.    On information and belief, Defendant A ███████████████████
████████████████████████████████████████████ from the
infringement of the Tencent Shows.

121.    Defendant A is thus vicariously liable for each of these infringing activities under
17 U.S.C. §§ 106, 602, and 501.

122.    Defendant A's vicarious copyright infringement is willful, purposeful, intentional,
and the result of reckless disregard for or willful blindness to Plaintiffs' copyrights.

123.    As a direct and proximate cause of Defendant A's vicarious copyright infringement,
Plaintiffs are entitled to recover damages and Defendant A's profits in amounts to be proven at
trial.

124.    In the alternative, for at least each of the Registered Tencent Shows, at its election,
Plaintiffs are entitled to statutory damages of up to $150,000 per episode (or whatever amount the
relevant statutes authorize) by virtue of Defendant A's willful infringement, or for such other
amounts that may be proper under 17 U.S.C. § 504.

125.    Defendant A's continuing infringing activities caused and will cause substantial,
immediate, and irreparable injury to Plaintiffs.  Unless enjoined and restrained by this Court,
Defendants will continue to infringe on Plaintiffs' copyrights.  Plaintiffs are entitled to injunctive
relief under 17 U.S.C. § 502.

126.    Plaintiffs are entitled to their costs and reasonable attorney's fees as an exceptional
case and pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against each of the Defendants as follows:

1.     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant be restrained and enjoined from :

     a.     Copying, displaying, publicly performing, distributing, importing, or creating derivative works of Plaintiff's copyrighted works, namely the Tencent Shows;

     b.     Importing, transmitting, or distributing the Tencent Shows over the Internet, or by other means, to persons not authorized by Plaintiffs to receive or view the Tencent Shows, including but not limited to ████████████████████████████████ ████████████ ;

     c.     Manufacturing, selling, advertising, distributing, and/or importing any ███████████████ ; and

     d.     Assisting, aiding, or abetting any person in conducting any of the activities described in paragraphs (1)(a)-(c) above.

2.     As damages for at least the Registered Tencent Shows, at the Plaintiffs' election before entry of final judgment, that Plaintiffs be awarded either actual damages along with Defendants' profits deriving from the unauthorized use of the works, or statutory damages pursuant to 17 U.S.C. § 504(c)(1) in the amount of up to $30,000 for each registered work infringed, and to increase that amount to $150,000 for each registered work infringed in accordance with 17 U.S.C. § 504(c)(2);

3.     As damages for the remaining Unregistered Tencent Shows, that Plaintiffs be awarded actual damages along with Defendants' profits deriving from the unauthorized use of the works;

4.    For Plaintiffs' costs and attorney's fees as an exceptional case and under 17 U.S.C. § 505; and

5.    Such other award as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a jury trial of all issues triable to a jury in this action.


Date: April 21, 2023                    Respectfully submitted,


                                        */s/: Chao "Wendy" Wang*
                                        Chao "Wendy" Wang
                                        CA Bar No. 289325
                                        PERKINS & COIE LLP
                                        3150 Porter Drive
                                        Palo Alto, California 94304
                                        Tel: 650.838.4315
                                        Email: WWang@perkinscoie.com

                                        Matthew C. Bernstein
                                        CA Bar No. 199240
                                        Ji Wang
                                        (*pro hac vice* forthcoming)
                                        PERKINS COIE LLP
                                        11452 El Camino Real, Suite 300
                                        San Diego, CA 92130-2080
                                        Tel: 858.720.5700
                                        Fax: 858.720.5799
                                        Email: MBernstein@perkinscoie.com
                                        Email: JiWang@perkinscoie.com

                                        **ATTORNEYS FOR PLAINTIFFS**